IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORIGA
ATLANTA DIVISION

| | |
|---|---|
| **LORENZO BYRD**, on behalf of **TOMMY L. BYRD**, an incompetent adult,<br>    Plaintiff<br>vs.<br>**UNITED STATES OF AMERICA**,<br>    Defendant | NO. 1:20-CV-03090-LMM |

# JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1. *Description of the Case*

    (a) **Describe briefly the nature of this action**.

This is a medical malpractice case arising out of the Atlanta VA's care and treatment of Mr. Tommy Byrd in November 2016. This lawsuit is brought pursuant to the Federal Tort Claims Act. 28 U.S.C. §§ 2671–80.

    (b) **Summarize, in the space provided below, the facts of this case**.

Following surgery and while an inpatient at the Atlanta VA, Mr. Tommy Byrd began to experience symptoms that Plaintiff alleges were signs of a transient ischemic attack or stroke. Plaintiff alleges that the Government's failure to diagnose and treat Mr. Byrd resulted in damages to Mr. Byrd. The Government denies Plaintiff's allegations.

(c) **The legal issues to be tried are as follows**.

<u>Whether the Atlanta VA violated the standard of care; if so, whether that breach of the standard of care caused damages to Plaintiff; and if so, what amount of damages would make Plaintiff whole for the harm caused.</u>

(d) **The cases listed below (include both style and action number) are**:

<u>None.</u>

2. *Case Complexity*

This case is complex because it possesses one or more of the features listed below (please check):

\_\_\_\_\_ (1) Unusually large number of parties
\_\_\_\_\_ (2) Unusually large number of claims or defenses
\_\_\_\_\_ (3) Factual issues are exceptionally complex
\_\_\_\_\_ (4) Greater than normal volume of evidence
\_\_✓\_\_ (5) Extended discovery period is needed
\_\_\_\_\_ (6) Problems locating or preserving evidence
\_\_\_\_\_ (7) Pending parallel investigations or action by government
\_\_✓\_\_ (8) Multiple use of experts
\_\_\_\_\_ (9) Need for discovery outside United States boundaries
\_\_✓\_\_ (10) Existence of highly technical issues and proof
\_\_\_\_\_ (11) Unusually complex discovery of electronically stored information

3. *Counsel*

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff: Tom Jacob

Defendant: Trishanda L. Treadwell

4. *Jurisdiction*

Is there any question regarding this Court's jurisdiction?

____Yes __✓_No

5. *Parties to this Action:*

(a) The following persons are necessary parties who have not been joined: **None**

(b) The following persons are improperly joined as parties: **None**

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: **N/A**

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6. *Amendments to Pleadings:*

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

_____

_____

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7. *Filing Times for Motions:*

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) Summary Judgment Motions: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

8. *Initial Disclosures:*

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

<u>Parties have agreed that Initial Disclosures are due: November 2, 2020.</u>

9. *Request for Scheduling Conference:*

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

<u>None at this time.</u>

10. *Discovery Period:*

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Discovery will be needed on the facts underlying Plaintiff's claims, Defendant's liability, Plaintiff's damages, and Defendant's defenses. Both parties anticipate the disclosure and depositions of expert witnesses.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

The parties jointly request that this case be assigned to the 8-month discovery track due to the discovery involved and the anticipated use of experts.

11.  *Discovery Limitation and Discovery of Electronically Stored Information:*

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

(b) Is any party seeking discovery of electronically stored information?

____✓____ Yes _____ No

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

<u>Plaintiff requests electronic audit trail discovery. The Audit Trail allows Parties to know when and who accessed Plaintiff's medical records, and what, if anything, was added, modified, or deleted. Defendant will seek discovery of Plaintiff's emails and social media during the relevant period.</u>

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

<u>Parties agree that electronic data may be converted to PDF for initial production purposes. Should a receiving Party believe that the native file is needed, Parties agree to meet and confer to on the production of the native file(s).</u>

12. *Other Orders*

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

<u>Parties agree that service of discovery and other pleadings may be made electronically to each counsel. Parties further agree that, for voluminous discovery, Parties will cooperate to establish a secure means of electronic transfer (e.g., Sharefile, Box, etc.). Next, Parties agree that no privilege log is necessary for communications between attorneys of record, their paralegals, and their clients. Finally, in light of the COVID-19 Pandemic, Parties agree to cooperate in coordinating depositions remotely using technologies such as Zoom, to the greatest extent possible. Either Party, however, may request an in-person deposition if a party deems it necessary and that party can make CDC-compliant arrangements.</u>

13. *Settlement Potential*

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on October 8, 2020, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature): /s/ Tom Jacob

Other Participants: Steven Haspel

For defendant: Lead counsel (signature): /s/ Trishanda Treadwell

Other participants: _____

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.
(__✓__) A possibility of settlement after discovery.
(_____) A possibility of settlement, but a conference with the judge is needed.
(_____) No possibility of settlement.

(c) Counsel (_____) do or (__✓__) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is _____, 20____.

(d) The following specific problems have created a hindrance to settlement of this case. None.

14. ***Trial by Magistrate Judge:***

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20____.

(b) The parties (__✓__) do not consent to having this case tried before a magistrate

/s/ Tom Jacob_____          /s/ Trishanda Treadwell_____

Counsel for Plaintiff                                       Counsel for Defendant

* * * * * * * * * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

Parties shall disclose experts on: _____ February 1, 2021
Parties shall complete discovery on: _____ June 7, 2021

It is so ORDERED.

SIGNED on this _____ day of _____, 2020.

_____

HON. JUDGE LEIGH MARTIN MAY

Respectfully Submitted,

/s/ Trishanda L. Treadwell
TRISHANDA L. TREADWELL
   ASSISTANT U.S. ATTORNEY
   Georgia Bar No. 356896
   trish.treadwell@usdoj.gov
   600 Richard B. Russell Federal Bldg.
   75 Ted Turner Drive, S.W.
   Atlanta, Georgia 30303
   (404) 581-6000
   (404) 581-6150 facsimile

/s/ Tom Jacob
TOM JACOB, *pro hac vice*
   tjacob@nationaltriallaw.com
   Texas State Bar #24069981
STEPHEN HASPEL, *pro hac vice*
   shaspel@nationaltriallaw.com
   Texas State Bar #24109981
**WHITEHURST, HARKNESS, BREES, CHENG, ALSAFFAR, HIGGINBOTHAM, & JACOB P.L.L.C.**
7500 Rialto Blvd, Bldg. Two, Ste 250
Austin, TX 78735
(512) 476-4346 (o)
(512) 467-4400 (f)

NELSON O. TYRONE, III
   nelson@tyronelaw.com
   Georgia State Bar #721189
TYRONE LAW FIRM
   1201 Peachtree Street N.E.
   Atlanta GA, 30361
   (404) 377-0017 (o)
   (404) 249-6764 (f)

Attorneys for the Plaintiff

# CERTIFICATE OF SERVICE

By my signature below, I certify that a copy of this pleading, Joint Preliminary Report and Discovery Plan, has been sent to the following on October 13, 2020 via the Court's CM/ECF notice system.

>BYUNG J. PAK
>  UNITED STATES ATTORNEY
>TRISHANDA L. TREADWELL
>  ASSISTANT U.S. ATTORNEY
>  Georgia Bar No. 356896
>  trish.treadwell@usdoj.gov
>  600 Richard B. Russell Federal Bldg.
>  75 Ted Turner Drive, S.W.
>  Atlanta, Georgia 30303
>  (404) 581-6000
>  (404) 581-6150 facsimile

>/s/ Tom Jacob
>Tom Jacob
>WHITEHURST, HARKNESS, BREES, CHENG, ALSAFFAR, HIGGINBOTHAM, & JACOB P.L.L.C.