IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LORENZO BYRD**, on behalf of **TOMMY L. BYRD**, an incompetent adult,<br>　　Plaintiff<br>vs.<br>**UNITED STATES OF AMERICA**,<br>　　Defendant | **NO. 1:20-CV-03090-LMM** |

# MEMORANDUM IN SUPPORT OF MOTION TO APPOINT GUARDIAN AD LITEM

Plaintiffs move under Federal Rule of Civil Procedure 17(c) for the Court to enter an order appointing Mr. Lorenzo Byrd as guardian ad litem for the sole purpose of managing this lawsuit on behalf of his father. Alternatively, under Rule 17(a)(3), Plaintiffs seek to allow Mr. Tommy Byrd to be substituted as the real party in interest.

## BACKGROUND

This lawsuit is brought under the Federal Tort Claims Act. 28 U.S.C. §§ 2671–80. Specifically, it's a medical malpractice case against the United States arising out of the injuries—stemming from stroke—that Mr. Tommy Byrd sustained at the Atlanta VA. Mr. Lorenzo Byrd is Tommy Byrd's son.

## ANALYSIS

The Government initially raised this issue as one concerning jurisdiction, asserting that Mr. Lorenzo Byrd was not duly appointed as Mr. Tommy Byrd's guardian.[1] However, federal law recognizes that "an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem." Fed. R. Civ. P. 17(c)(2). Where there is "no indication in the record that a guardian ad litem or other representative has been appointed to look after [an individual's] interests," Rule 17(c) authorizes the appointment of a next friend to sue or defend an incompetent person's interest. *Bar-Navon v. Sch. Board of Brevard Co. Fla.*, No. 6:06-cv-1434-Orl-19KRS, 2006 WL 8439623, at *1 (M.D. Fla. Oct. 27, 2006).[2] The only caveat—satisfied in this case—is that the guardian must be represented by an attorney. *E.g.*, *Laffoon v. Christianson*, No. 1:11–cv–00255 AWI GSA, 2011 WL 1743645, at *2 (E.D. Cal. Feb. 22, 2011). Under Rule 17, the Court has "broad discretion to fashion appropriate safeguards to protect the interests of incompetent persons and to decide whether to appoint a guardian ad litem under Rule 17(c)." *J.B. v. Banning Unified Sch. List.*, No. EDCV 18-2134-JGB, 2018 WL 6164312, at *1 (C.D. Cal. Oct. 18, 2018).

---

[1] Plaintiffs' counsel conferred with counsel for the United States. The United States intends to file a response to this motion stating its position on the matter.

[2] In *Bar-Navon*, the Defendant sought to strike a complaint of a pro-se Plaintiff who brought a claim on behalf of another individual. *Id.* The Court denied the relief in-so-far as capacity but granted the Plaintiff the opportunity to file an amended complaint with representation of an attorney. *Id.* at *2.

Alternatively, Rule 17(a)(3) requires the court to allow substitution of the real party interest—Mr. Tommy Byrd. After substitution, "the action proceeds as if it had been originally commenced by the real party in interest." Fed. R. Civ. P. 17(a)(3). Courts should freely allow substitution where the change is "merely formal and in no way alters the original complaint's factual legations as to the events or the participants." *Cibran Enter. Inc. v. BP Prods. N. Am., Inc.*, 365 F. Supp. 2d 1241, 1251–52 (S.D. Fla. 2005).

1. ***Lorenzo Byrd is the appropriate next friend of Tommy Byrd***

A person may proceed as a next friend where he can show that an individual "is unable to proceed on his own behalf." *Whitmore v. Arkansas*, 495 U.S. 149, 166 (1988). First, "a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id.* at 162. Here, Mr. Tommy Byrd has a stroke that has caused fluent aphasia and poor auditory comprehension. *See* Complaint, Dkt. No. 1, at 12 ¶ 5.23 (Aug. 24, 2020); Answer, Dkt. No. 17, at 13 ¶ 5.23 (Oct. 2, 2020). Aphasia is the inability to comprehend or formulate language. *See* Exh. 1 (Declaration of Dr. Altman). Courts routinely appoint a guardian ad litem where counsel submit declarations establishing lack of competence. *E.g.*, *Hamilton v. Vannoy*, No. 17-194-SDD-RLB, 2020 WL 1433528, *2 (M.D. La. Mar. 23, 2020).

Second, "the "next friend" must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore*, 497

U.S. at 62. For example, the next friend should have a significant relationship with the real party in interest. *Id.* In this case, since the stroke, Mr. Lorenzo Byrd has exercised power of attorney to manage the financial and legal affairs of his father. *See* Exh. 2 (Declaration of Lorenzo Byrd). When the stroke occurred, Mr. Lorenzo Byrd traveled to Atlanta (from Maryland) to care for his dad and moved Mr. Tommy Byrd back to Maryland. Mr. Lorenzo Byrd has, since that time, assisted and supported his father. *Id.*

2. ***Courts across the country have provided similar relief.***

For example, in *John*, a mother initiated a lawsuit, styling it on behalf of her incapacitated daughter. *John v. Royal Caribbean Cruises*, 07-22766-CIV, 2008 WL 11407174, at *1 (S.D. Fla. June 11, 2008). The defendant moved to dismiss because the mother was not duly appointed. *Id.* at *2. The Court held that even though the mother was not duly appointed, it does not warrant dismissal because she could proceed under Rule 17(c). *Id.* The court based its holding on the fact that the "allegations of the complaint establish that Ms. John is her incapacitated daughter's 'next friend.'" *Id.* Like this case, the daughter was aphasic as a result of a stroke. *Id.* The mother filed an affidavit corroborating the allegations in the complaint. *Id.* "These allegations are more than sufficient to establish next friend." *Id.*

The *Johns* court also relied on the Eighth Circuit authority that reversed an order denying leave to amend to substitute the real party in interest. *Id.* at *2–3 (citing *Crowder v. Gordons Trans., Inc.*, 387 F.2d 413, 415 (8th Cir. 1967)). There, the Eight Circuit held the plaintiff

could amend the complaint and the amendment would relate back to the original complaint. *Crowder*, 387 F.2d at 416. Plaintiff requests relief similar to *Crowder*: if the Court does not appoint Lorenzo Byrd as guardian, Plaintiffs respectfully request that the Court allow substitution of parties relating back to the original complaint. *Johns*, 2008 WL 11407174, at *3 ("Indeed, under Rule 17(a)(3), I cannot dismiss an action without first giving Ms. John an opportunity to amend and name the real party in interest."); *see also Elliott v. Carcieri*, 608 F.3d 77, 80, 94 (1st Cir. 2010) (reversing dismissal of "next friends" who had sued on behalf of children, finding the next friends had satisfied the disability test and significant relationship test of the Whitmore case).

## CONCLUSION

Under Rule 17(c), Plaintiffs respectfully request the Court enter an order appointing Mr. Lorenzo Byrd as guardian ad litem for Mr. Tommy Byrd for the limited purpose of managing this lawsuit on his father's behalf. Alternatively, Plaintiffs respectfully request the Court substitution of Mr. Tommy Byrd and relation back to filing. *See* Fed. R. Civ. P. 17(a)(3).

Respectfully Submitted,

/s/ Tom Jacob
**TOM JACOB**, *pro hac vice*
   tjacob@nationaltriallaw.com
   Texas State Bar #24069981
**STEVEN HASPEL**, *pro hac vice*
   shaspel@nationaltriallaw.com

    Texas State Bar #24109981
**WHITEHURST, HARKNESS,
  BREES, CHENG, ALSAFFAR,
  HIGGINBOTHAM, & JACOB P.L.L.C.**
7500 Rialto Blvd, Bldg. Two, Ste
  250
Austin, TX 78735
(512) 476-4346 (o)
(512) 467-4400 (f)

**NELSON O. TYRONE, III**
  nelson@tyronelaw.com
  Georgia State Bar #721189
**TYRONE LAW FIRM**
  1201 Peachtree Street N.E.
  Atlanta GA, 30361
  (404) 377-0017 (o)
  (404) 249-6764 (f)

Attorneys for the Plaintiff

## CERTIFICATE OF SERVICE & COMPLIANCE

By my signature below, I certify that this pleading was prepared using Century Schoolbook at 13 point size. Further, I certify that a copy of this pleading, Motion to Appoint Guardian Ad Litem, has been sent to the following on January 25, 2021 via the Court's CM/ECF notice system.

>BYUNG J. PAK
>   UNITED STATES ATTORNEY
>TRISHANDA L. TREADWELL
>   ASSISTANT U.S. ATTORNEY
>   Georgia Bar No. 356896
>   trish.treadwell@usdoj.gov
>   600 Richard B. Russell Federal Bldg.
>   75 Ted Turner Drive, S.W.
>   Atlanta, Georgia 30303
>   (404) 581-6000
>   (404) 581-6150 facsimile
>
>
>/s/ Tom Jacob
>Tom Jacob
>WHITEHURST, HARKNESS, BREES, CHENG, ALSAFFAR, HIGGINBOTHAM, & JACOB
>   P.L.L.C.