IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LORENZO BYRD**, on behalf of **TOMMY L. BYRD**, an incompetent adult, <br>           Plaintiff <br> vs. <br> **UNITED STATES OF AMERICA**, <br>           Defendant | **NO. 1:20-CV-03090-LMM** |

# PLAINTIFF'S SUPPLEMENTAL
# INITIAL DISCLOSURES

1. *Nature of the Action*

> (1) State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

Please see Plaintiff's Original Complaint. This is a medical malpractice case arising out of the Government's negligent care and treatment of Mr. Tommy Byrd at the Atlanta VA in November 2016. Following surgery, Mr. Byrd exhibited signs and symptoms of a transient ischemic attack or stroke. Throughout his care, the providers at the VA failed to diagnose or treat his medical problems, including failing to refer Mr. Byrd to the appropriate sub-specialities and the needed imaging modalities.

The legal issues in this case include whether the Government is liable for violating the standard of care in the care and treatment of Mr. Byrd; whether that negligence proximately caused injury to Mr. Byrd; and what amount of

damages would make Mr. Byrd whole for the injuries he sustained and will continue to sustain over the remainder of his life.

## 2. *Statutes, Codes & Regulations*

> (2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

This is a Federal Tort Claims Act (FTCA) medical malpractice lawsuit under 28 U.S.C. §§ 2671–80, 1402, 1346. Under the FTCA, the Government is liable in the same manner and to the same extent as a private person. *Richards v. United States*, 369 U.S. 1, 7 (1962). Also under the FTCA, the law of the place of negligence provides the substantive law, whereas federal law provides procedural rules. *Id.* at 9 & n.19 (citing 28 U.S.C. § 1346(b)). In this case, the negligence occurred at the Atlanta, Georgia VA Medical Center, so the substantive law of Georgia applies to this lawsuit, including substantive tort law found in Georgia statutes and case law. Generally, the Court may use the Georgia Suggested Pattern Jury Instructions (5th Ed. 2020) as a reference to the substantiative tort law of Georgia. Plaintiff reserves the right to supplement this response.

## 3. *Witnesses*

> (3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as **Attachment A**.)

Please refer to **Plaintiff's Attachment A** (and any supplemental disclosures) for address and telephone number information of each individual likely to have discoverable information.

4. *Experts*

> (4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as **Attachment B**.)

At this time, Plaintiff has not identified the experts it will use at trial but reserve the right to supplement this response. Plaintiff's expert designations will be made at the time required by the Court's Scheduling Order. *See* Dkt. No. 19, at 2 (Oct. 14, 2020). Please refer to the designation of experts and any amendments or supplements thereto for additional information regarding the facts known to these witnesses and the bases of their opinions. Please also refer to the sworn testimony and written reports of these witnesses for further information regarding the facts known to and opinions held by these witnesses. Plaintiff incorporates by reference those designations and testimony when they are taken.

**Supplement: Please refer to Plaintiff's Attachment B (and any supplemental disclosures) for expert disclosures.**

5. *Evidence*

> (5) Provide a copy of, or a description by category and location of, all documents, data compilations or other

electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as **Attachment C**.)

Please refer to **Plaintiff's Attachment C** (and any supplemental disclosures) for evidence that has been contemporaneously provided to the United States. Plaintiff also incorporates by reference any evidence that witnesses bring to their depositions pursuant to a lawful subpoena or request for production.

### 6.   *Computation of Damages*

(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures as **Attachment D**.)

Please refer to **Plaintiff's Attachment D** (and any supplemental disclosures) for a competition of damages.

### 7.   *Insurance Agreements*

(7) Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be

entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy of insurance agreement to Initial Disclosures as **Attachment E.**)

None.

8. ***Subrogation Interests***

(8) Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs cause of action and state the basis and extent of such interest.

At this time, Plaintiff does not have evidence of medical liens. However, discovery is still ongoing and Plaintiff will supplement any evidence discovered as a supplement to Plaintiff's initial disclosures, or attachments to initial disclosures.

Respectfully Submitted,


/s/ Tom Jacob
**TOM JACOB**, *pro hac vice*
    tjacob@nationaltriallaw.com
    Texas State Bar #24069981
**STEVEN HASPEL**, *pro hac vice*
    shaspel@nationaltriallaw.com
    Texas State Bar #24109981
**WHITEHURST, HARKNESS, BREES, CHENG, ALSAFFAR, HIGGINBOTHAM, & JACOB P.L.L.C.**
7500 Rialto Blvd, Bldg. Two, Ste 250
Austin, TX 78735
(512) 476-4346 (o)
(512) 467-4400 (f)


**NELSON O. TYRONE, III**
    nelson@tyronelaw.com
    Georgia State Bar #721189
**TYRONE LAW FIRM**
    1201 Peachtree Street N.E.
    Atlanta GA, 30361
    (404) 377-0017 (o)
    (404) 249-6764 (f)


Attorneys for the Plaintiff

## CERTIFICATE OF SERVICE

By my signature below, I certify that a copy of this pleading, Plaintiff's Supplemental Initial Disclosures, as well as Attachment B (Expert Disclosures) and Attachment C (literature disclosures) has been sent to the following on February 22, 2021 via ECF/CM, email, and secure file share.

> Trishanda L. Treadwell
> Ass't U.S. Attorney
> 75 Ted Turner Drive, SW
> Suite 600
> Atlanta, GA 30303
> ATTORNEY TO BE NOTICED

/s/ Tom Jacob
Whitehurst Harkness Brees Cheng
Alsaffar Higginbotham & Jacob PLLC

IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORIGA
ATLANTA DIVISION

**LORENZO BYRD**, on behalf of **TOMMY
L. BYRD**, an incompetent adult,

      Plaintiff

vs.

**UNITED STATES OF AMERICA**,

      Defendant

**NO. 1:20-CV-03090-LMM**

# ATTACHMENT B: EXPERTS

(4)      Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule**.**

## 1. Abhay Kumar, M.D.

Expertise: Neurology, Psychiatry, Neurocritical Care

Fee Schedule: $700/hr for record review and $1000/hr for deposition or other testimony.

Testimony History: In the last four years, Dr. Kumar has testified in *In the Matter of the Estate of Frank A. Johnson*, No. 2016-P-70 (20th Judicial Circuit Randolph Co., Illinois).

Dr. Kumar is a stroke and neurocritical care neurologist. He is an attending neurocritical care specialist at Memorial Herman in Houston, Texas, and is board certified by the American Board of Psychiatry and Neurology.

Further, Dr. Kumar is certified in Neurocritical Care by the United Council of Neurologic Subspecialties. For a more detailed summary of Dr. Kumar's skills, training, education, experience, and knowledge, please see his *curriculum vitae*, which has been separately served on Defendant as **Exhibit 1** to this designation and is incorporated by reference into this designation. His CV also contains a list of his publications.

Dr. Kumar will testify to any neurology and neurological care issues in this case. His expected testimony will address the applicable standard of care, breach, and causation surrounding the facts that are the subject of this lawsuit and that are within his area of expertise. He will testify to any subject on which he has factual knowledge or that is within his area of expertise. He will testify regarding any opinion or fact or issue raised by Defendant, its employees, any of Defendant's witnesses, or any Defense expert within his area of expertise. His opinions are based on a review of Mr. Byrd's health care records, testimony taken and to be taken in this case, any specific literature he may have relied upon, and his education, training, and experience.

At this time, Plaintiff has no further knowledge of the mental impressions, opinions, and facts known to this expert other than those contained in his report. For a more detailed discussion of his opinions and bases for those opinions, please see his report which has been separately served on Defendant as **Exhibits 2** and **3**; and which is incorporated by reference into this designation. He is available for deposition and Defendant may examine him for a more detailed explanation of his opinions and basis for those opinions

relating to this case. Once he has given deposition or other testimony in this case, Plaintiff incorporates such testimony by reference into this designation.

Dr. Kumar reserves the right to use any exhibits previously produced by Plaintiff, any part of his expert report or cited literature, any exhibits that have or will be exchanged in discovery, and any documents that he brings with him to his deposition.

**2.  Peter Morgan, M.D., Ph.D.**

Areas of Expertise: Psychiatry and Neurology

Dr. Morgan is an associate professor of psychiatry at Yale University. He also chairs the Department of Psychiatry for Lawrence and Memorial Healthcare and serves as the regional medical director for Psychiatry and Behavioral Health for the Yale New-Haven Health System. He received a Ph.D. and M.D. from Mount Sanai School of Medicine and then trained in psychiatry at Yale University School of Medicine between 2000–2004. For a more detailed summary of Dr. Morgan's skills, training, education, experience, and knowledge, please see his *curriculum vitae*, which has been separately served on Defendant as **Exhibit 4** to this designation and is incorporated by reference into this designation. His CV also contains a list of his publications.

Dr. Morgan will testify to any psychiatry issues in this case. His expected testimony will address the applicable standard of care, breach, and causation surrounding the facts that are the subject of this lawsuit and that are within his area of expertise. He will testify to any subject on which he has factual knowledge or that is within his area of expertise. He will testify regarding any opinion or fact or issue raised by Defendant, its employees, any of

Defendant's witnesses, or any Defense expert within his area of expertise. His opinions are based on a review of Mr. Byrd's health care records, testimony taken and to be taken in this case, any specific literature he may have relied upon, and his education, training, and experience.

At this time, Plaintiff has no further knowledge of the mental impressions, opinions, and facts known to this expert other than those contained in his report. For a more detailed discussion of his opinions and bases for those opinions, please see his report which has been separately served on Defendant as **Exhibit 5** and which is incorporated by reference into this designation. He is available for deposition and Defendant may examine him for a more detailed explanation of his opinions and basis for those opinions relating to this case. Once he has given deposition or other testimony in this case, Plaintiff incorporates such testimony by reference into this designation. Dr. Morgan's fee schedule and testimony history is listed in his report. *See* **Exhibit 5**.

Dr. Morgan reserves the right to use any exhibits previously produced by Plaintiff, any part of his expert report or cited literature, any exhibits that have or will be exchanged in discovery, and any documents that he brings with him to his deposition.

### 3.  Mary Elizabeth Jensen, M.D.

Areas of Expertise: Interventional Neuroradiology

Dr. Jensen is a board-certified radiologist. She received her medical degree from the Medical College of Virginia, Richmond, Virginia. For over twenty years, Dr. Jensen has served as the Director of Interventional

Neuroradiology for the University of Virginia. She's a senior member of the American Society of Neuroradiology, World Federation of Interventional and Therapeutic Neuroradiology, and Society of NeuroInterventional Surgery. Dr. Jensen specializes in performing minimally invasive treatments for neurological conditions such as brain aneurysms, stroke and carotid artery disease. For a more detailed summary of Dr. Jensen's skills, training, education, experience, and knowledge, please see her *curriculum vitae*, which has been separately served on Defendant as **Exhibit 6** to this designation and is incorporated by reference into this designation. Her CV also contains a list of her publications.

Dr. Jensen will testify to any radiological or imaging issues in this case. Her expected testimony will address the applicable standard of care, breach, and causation surrounding the facts that are the subject of this lawsuit and that are within her area of expertise. She will testify to any subject on which she has factual knowledge or that is within her area of expertise. She will testify regarding any opinion or fact or issue raised by Defendant, its employees, any of Defendant's witnesses, or any Defense expert within his area of expertise. Her opinions are based on a review of Mr. Byrd's health care records, imaging slides and studies, testimony taken and to be taken in this case, any specific literature she may have relied upon, and her education, training, and experience.

At this time, Plaintiff has no further knowledge of the mental impressions, opinions, and facts known to this expert other than those contained in her report. For a more detailed discussion of her opinions and bases for those

opinions, please see her report which has been separately served on Defendant as **Exhibit 7** and which is incorporated by reference into this designation. She is available for deposition and Defendant may examine her for a more detailed explanation of her opinions and basis for those opinions relating to this case. Once she has given deposition or other testimony in this case, Plaintiff incorporates such testimony by reference into this designation.

Dr. Jensen's compensation is summarized on the attached fee schedule which is incorporated by reference as **Exhibit 8** herein. A list of cases Dr. Jensen has testified in by deposition or trial the past four years is attached as **Exhibit 9**.

Dr. Jensen reserves the right to use any exhibits previously produced by Plaintiff, any part of her expert report or cited literature, any exhibits that have or will be exchanged in discovery, and any documents that she brings with her to her deposition.

### 4.  Kristi B. Bagnell, M.D., C.L.C.P.

Areas of Expertise: Life Care Planning and Rehabilitation

Dr. Bagnell is a Certified Life Care Planner. Dr. Bagnell earned her medical degree from Indiana University School of Medicine—Indianapolis and a Bachelor of Arts degree from Anderson University, Anderson, Indiana. Dr. Bagnell performed her residency in pediatrics at Indiana University Medical Center, James Whitcomb Riley Hospital for Children in Indianapolis, Indiana. For a more detailed summary of Dr. Bagnell's skills, training, education, experience, and knowledge, please see her *curriculum vitae*, which has been separately served on Defendant as **Exhibit 10** to this designation and is

incorporated by reference into this designation. Her CV also contains a list of her publications.

Dr. Bagnell will testify to any rehabilitation and life care planning issues in this case. Her expected testimony will address causation and damages surrounding the facts that are the subject of this lawsuit and that are within her area of expertise. She will testify to any subject on which she has factual knowledge or that is within her area of expertise. She will testify regarding any opinion or fact or issue raised by Defendant, its employees, any of Defendant's witnesses, or any Defense expert within her area of expertise. Her opinions are based on an interview, evaluation, and physical examination of Mr. Byrd and his son, Tommy, and review of Mr. Byrd's health care records, testimony taken and to be taken in this case, any specific literature she may have relied upon, and her education, training, and experience.

At this time, Plaintiff has no further knowledge of the mental impressions, opinions, and facts known to this expert other than those contained in her report. For a more detailed discussion of her opinions and bases for those opinions, please see her report which has been separately served on Defendant as **Exhibit 11** and which is incorporated by reference into this designation. She is available for deposition and Defendant may examine her for a more detailed explanation of her opinions and basis for those opinions relating to this case. Once she has given deposition or other testimony in this case, Plaintiff incorporates such testimony by reference into this designation.

Dr. Bagnell's compensation is summarized on the attached fee schedule which is incorporated by reference as **Exhibit 12** herein. A list of cases Dr.

Bagnell has testified in by deposition or trial the past four years is attached as **Exhibit 13**.

Dr. Bagnell reserves the right to use any exhibits previously produced by Plaintiff, any part of her expert report or cited literature, any exhibits that have or will be exchanged in discovery, and any documents that she brings with her to her deposition.

### 5.  David J. Altman, M.D., C.L.C.P.

Areas of Expertise: Neurology, Rehabilitation, and Life Care Planning.

Dr. David J. Altman is a Board-Certified Neurologist and Certified Life Care Planner with extensive experience in clinical care, neurorehabilitation, life care planning, and clinical research. Dr. Altman earned his medical degree from University of CT School of Medicine in Farmington, Connecticut, and his Bachelor of Arts degree in Psychology from Brandeis University in Waltham, Massachusetts. For a more detailed summary of Dr. Altman's skills, training, education, experience, and knowledge, please see his curriculum vitae, which is attached as **Exhibit 14** and incorporated by reference into this designation. His CV contains a list of his publications.

Dr. Altman will testify as to any rehabilitation and life care planning issues in this case. He will testify to any subject on which he has factual knowledge or is within his area of expertise. He will testify regarding any opinion or fact or issue raised by the Defendant, its employees, any of Defendant's witnesses, or any Defense expert within his area of expertise.

His opinions are based on an interview, evaluation, and physical examination of the Plaintiff, and a review of the Plaintiff's health care records, testimony taken and to be taken in this case, any specific literature he may have relied upon, and his education, training, and experience.

At this time, Plaintiff has no further knowledge of the mental impressions, opinions and facts known to this expert other than those contained in his report. For a more detailed discussion of his opinions and bases for those opinions, please see his report, which is attached incorporated by reference into this designation as **Exhibit 11.** Dr. Altman is available for deposition and Defendant may examine him for a more detailed explanation of his opinions and basis for those opinions relating to this case. Once he has given deposition or other testimony in this case, Plaintiff incorporates such testimony by reference into this designation.

Dr. Altman's compensation is summarized on the attached fee schedule which is incorporated by reference as **Exhibit 12** herein. A list of cases Dr. Altman has testified in by deposition or trial the past four years is attached as **Exhibit 15.**

Dr. Altman reserves the right to use any exhibits previously produced by Plaintiff, any part or part of his expert report or cited literature, any exhibits that have or will be exchanged in discovery, and any documents that he brings with him to his deposition. Dr. Altman also reserves the right to use summary tables to describe his opinions.

### 6.  Bruce A. Seaman, Ph.D.

Areas of Expertise: Economics & Finance

Dr. Seaman is a professor of economics at the Andrew Young School of Policy Studies at Georgia State University, Atlanta, Georgia. He earned his Ph.D. in economics from the University of Chicago, Chicago, Illinois. For a more detailed summary of Dr. Seaman's skills, training, education, experience, and knowledge, please see his curriculum vitae, which is attached as **Exhibit 16** and incorporated by reference into this designation.

Dr. Seaman will testify to any issues requiring economic analysis in this case. He will testify to any subject on which he has factual knowledge or is within his area of expertise. He will testify regarding any opinion or fact or issue raised by the Defendant, its employees, any of Defendant's witnesses, or any Defense expert within their area of expertise. His opinions are based on a review of Drs. Bagnell and Altman's life care plan report, of testimony taken and to be taken in this case, any specific literature he may have relied upon, and his education, training, and experience.

At this time, Plaintiff has no further knowledge of the mental impressions, opinions and facts known to this expert other than those contained in his report. For a more detailed discussion of his opinions and bases for those opinions, please see his report, which has been separately served on Defendant as **Exhibit 17** and which is incorporated by reference into this designation. He is available for deposition and Defendant may examine him for a more detailed explanation of his opinions and basis for those opinions relating to this case. Once he has given deposition or other testimony in this case, Plaintiff incorporates such testimony by reference into this designation.

Dr. Seaman charges $450.00 per hour for reviewing documents, developing opinions, conferences, and report writing, with a minimum of $2,250.00, and a flat fee of $2,500.00 for deposition or trial testimony, with any additional hours billed at the rate of $500.00 per hour. A list of cases Dr. Seaman has testified in by deposition or trial the past four years is attached as **Exhibit 18**.

Dr. Seaman reserves the right to use any exhibits previously produced by Plaintiff, any part of her expert report or cited literature, any exhibits that have or will be exchanged in discovery, and any documents that he brings with him to his deposition.

## NON-RETAINED EXPERTS

Plaintiff designates all non-retained treaters identified in Plaintiff's initial disclosures, and Attachment A (Designation of Persons with Knowledge of Relevant Facts) to the initial disclosures and supplements. Plaintiff's medical records have been previously produced to the United States. Plaintiff incorporates those lists by reference herein. Plaintiff also reserves the right to use the deposition testimony or call live these treating doctors. Plaintiff further reserves the right to call any custodians of records. Plaintiff also cross designated any experts designated by the United States for the limited purpose of reserving the right to elicit favorable admissions at trial, either by deposition or in person. At this point, however, Plaintiff does not possess any other information regarding their mental impressions.

## OTHER WITNESSES & EXHIBITS

For a designation of potential witnesses and proposed exhibits, please see Plaintiff's Initial Disclosures, and Attachment C to Initial Disclosures, and any supplements to the Initial Disclosures and Attachment C. Plaintiff incorporates those documents into this document by reference. Plaintiff's experts may use the literature contemporaneously served as Attachment C as exhibits in their testimony.