**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**LORENZO BYRD**, on behalf of
**TOMMY L. BYRD**, an incompetent
adult,

       Plaintiff,

vs.

**UNITED STATES OF AMERICA**,

       Defendant.

**NO. 1:20-CV-03090-LMM**

**RESPONSE TO PLAINTIFF'S
MOTION TO STRIKE REBUTTAL EXPERT REPORTS**

In this medical malpractice action brought against Defendant United States of America under the Federal Tort Claims Act, both parties have disclosed expert witnesses and provided their expert reports. Plaintiff seeks to strike the three rebuttal reports [Docs. 39-1, 40-1, and 41-1] (the "Rebuttal Reports"). Defendant filed on April 23, 2021—more than six weeks before the close of original discovery, which has been extended. Defendant respectfully requests that the Court deny Plaintiff's Motion because the Rebuttal Reports were filed "sufficiently early in the discovery period to permit the opposing party the opportunity to depose the expert[s]." N.D. Ga. LR26.2(C).

**Relevant Background**

The Court amended the Scheduling Order to allow the parties to disclose their respective experts by February 22, 2021 [Doc. 25]. Plaintiff disclosed six expert witnesses [Doc. 36], and Defendant disclosed two experts [Docs. 34 and 35]. The Scheduling Order did not identify a date for or contemplate any supplemental or rebuttal expert reports; thus, under Federal Rule of Civil Procedure 26(a)(2)(D), any rebuttal report must be filed (i) more than ninety days before trial and (ii) within thirty days of the report to which it is responding, which would have been March 24, 2021. Fed. R. Civ. P. 26(a)(2)(D)(i) & (ii).

Relying on the language of Local Rule 26.2, however, on April 14, 2021, Defendant gave notice via email to Plaintiff of its intent to file rebuttal reports from its two previously disclosed experts and possibly one additional rebuttal report from a third expert who could not be disclosed before a contract could be established with the federal government.[1] Defendant filed the Rebuttal Reports the following week

---

[1] In that April 14, 2021 email, Defendant also requested dates for the depositions of three of Plaintiff's experts. *See* Apr. 14, 2021 Email, attached as Ex. A. This was the first move, by either party, to depose experts. Admittedly, it is evident from that email and the dates proffered for depositions that counsel for Defendant erroneously believed that the period in which to depose experts did not end until July 19, 2021. In any event, Defendant disclosed the Rebuttal Reports in sufficient time for Plaintiff to depose the witnesses and to issue a sur-rebuttal, if deemed necessary.

on April 23, 2021. At that time, Plaintiff had not yet noticed—or even requested—depositions of Defendant's expert witnesses. The discovery period was not scheduled to close until June 7, 2021.[2] Plaintiff filed his Motion to Strike [Doc. 42] on April 29, 2021.

Not one expert witness has been deposed as of the date of this Response Brief, and the first expert witness deposition is not scheduled until one month from the date of this filing. Thus, the Rebuttal Reports being filed on April 23, 2021 posed *absolutely no harm to Plaintiff*.

### The Rebuttal Reports

Defendant disclosed Dr. Wendy Wright and Kimberly Kushner and filed their expert reports in accordance with the Scheduling Order and in compliance with Local Rule 26.2(C). *See* [Docs. 34 and 35]. After reviewing Plaintiff's experts' reports—particularly Plaintiff's *$4 million life-care plan[3]* (*see* [Doc. 36-11] at 43-

---

[2] The Court has extended the discovery period—for the purpose of expert witness depositions—through July 16, 2021 [Doc. 52].

[3] In Ms. Kushner's initial report [Doc. 35], she accepted Defendant's position that the Atlanta VAMC did not cause Mr. Byrd's stroke nor did it breach a standard of care in the diagnosis and treatment of his stroke. Thus, although Mr. Byrd may require medical treatment and therapy for the remainder of his life, the none of those costs are attributable to Defendant. Furthermore, there had been no articulation of what alleged damages were attributable to the alleged medical negligence as opposed to Mr. Byrd's initial stroke. Upon review of Plaintiff's plan that appeared

45) and Drs. Abhay Kumar and Mary Elizabeth Jensen's opinions regarding Tommy

Byrd's stroke timing and the likelihood of him receiving a surgical procedure in

2016 (*see* [Docs. 36-2, 36-3, 36-7]—Defendant's experts drafted rebuttals

specifically responding to their counterparts' reports. Additionally, Dr. Kumar said

the following in the penultimate paragraph of his 2021 report:

> If the providers procured the images with urgency, mechanical thrombectomy to extract the aforementioned clot could have been done. Mechanical thrombectomy has been proven in peer reviewed trials to be effective at preserving brain function in appropriately considered patients. Nogueira, Raul G., et al. "Thrombectomy 6 to 24 hours after stroke with a mismatch between deficit and infarct." New England Journal of Medicine 378.1 (2018): 11-21.

([Doc. 36-2] at 9.) Dr. Nogueira is a neurologist in Atlanta, Georgia now and was

one in November 2016. He disagreed with this conclusion, and he disagreed with

the citation to his clinical research trials as supporting Dr. Kumar's opinions. As one

of the few neurointerventionalists in Atlanta, Georgia in 2016, not just relevant but

critical.

---

to include expenses related to Mr. Byrd's chronic pain and generally having had a stroke, Ms. Kushner created a chart to rebut each of Plaintiff's experts' line items and calculate a life-care plan cost with which Defendant disagrees but that is at least a reasonable assessment of costs.

## Analysis

The Court should deny Plaintiff's Motion to Strike Defendant's Rebuttal Reports because Defendant disclosed the experts and filed the Rebuttal Reports in advance of the close of discovery and before any request for expert depositions. Ultimately, this is a question that is left to the absolute discretion of the Court. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366 (11th Cir. 1997); *Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1313–14 (11th Cir. 2008). In evaluating the exclusion of a late witness, the Eleventh Circuit considers "the explanation for the failure to disclose the witness, the importance of the testimony, and the prejudice to the opposing party if the witness had been allowed to testify." *Romero*, 552 F.3d at 1321 (citing cases). Here, that analysis favors allowing Dr. Nogueira and the Rebuttal Reports.

### 1.    Purpose of the Disclosure Rules

The purpose of the disclosure requirements is "to allow both sides in a case to prepare their cases adequately and to prevent surprise." *Salkic v. Heartland Express, Inc.*, 813 F. App'x 444, 449 (11th Cir. 2020), *citing Reese v. Herbert*, 527 F.3d 1253, 1266 (11th Cir. 2008). Northern District of Georgia Local Rule 26.2 mandates that "expert opinions must be disclosed sufficiently early in the discovery period to allow the opposing party to react before the close of discovery." *Id.* N.D. Ga. L.R. 26.2(C).

"**Rule 26 and Local Rule 26.2(C),** *when read in conjunction*, **require that expert reports must be submitted and expert depositions completed before the close of discovery**." *Mitchell v. Volkswagen Group of America, Inc.*, 2013 WL 12108248, at *2 (N.D. Ga. July 10, 2013) (emphasis added), *citing Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008).

To enforce these disclosure obligations, Federal Rule of Civil Procedure 37 provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, *unless the failure was substantially justified or is harmless*." Fed. R. Civ. P. 37(c)(1) (emphasis added).

### 2.    Defendant complied with Local Rule 26.2(C).

Defendant complied with Local Rule 26.2(C) by disclosing Dr. Wendy Wright and Kimberly Kushner on February 22, 2021, and by providing the Rebuttal Reports along with the disclosure of Dr. Raul Nogueira on April 23, 2021. This disclosure occurred "sufficiently early in the discovery period"—six weeks before the original close of discovery and now *twelve weeks* before the extended expert discovery deadline. Plaintiff has adequate notice and has not been "surprised" by any last-minute, new opinion. The Scheduling Order did not address timing for filing supplemental or rebuttal reports.

### 3.   Defendant has a justifiable explanation for filing the Rebuttal Reports after the March 24, 2021 due date under Federal Rule of Civil Procedure 26(a)(2(D)(ii).

Defendant's Rebuttal Reports were filed well within the discovery period and within ninety days before trial under Rule 26(a)(2)(D). The Rebuttal Reports were admittedly not filed within thirty days of Plaintiff's disclosures. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii)). But even if the Court finds they were untimely, Defendant was justified in the disclosure because of it was relying upon its full compliance with the language of the Northern District of Georgia's Local Rule 26.2, as discussed above.

Also, between January 25, 2021 and March 1, 2021, the parties briefed Plaintiff's Motion to Appoint Guardian Ad Litem [Doc. 26]. A decision on that Motion could have had (and still may have) a serious impact on this case, so counsel for Defendant had refrained from further discovery efforts in anticipation of a ruling.[4] In April, however, although the proper party and jurisdictional questions raised in the briefing remained, counsel for Defendant moved forward with expert discovery so that the Rebuttal Reports could be filed with sufficient time for any sur-rebuttal and depositions. *See Collins v. Beazer Homes USA, Inc.*, 334 F.Supp.2d

---

[4] The undersigned counsel acknowledges that the self-imposed delay was in error absent an express stay from the Court. At the time, Counsel did not intentionally ignore the deadline but certainly failed to consider that rebuttal reports had to be filed by March 24, 2021.

1365, 1371 (N.D. Ga. 2004) (Story, J.) (finding expert disclosure timely where there were over forty days of discovery remaining).

This situation is unlike most of the egregious examples cited by Plaintiff. In *Mitchell*, the plaintiff filed a second supplemental expert report ***after the close of discovery*** and only ***twelve days before trial***. *See* 2013 WL 12108248 at \*2. The court found that delay unjustifiable. In *Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC*, No. 1:15-CV-1422-AT, 2017 WL 1806384, at \*2 (N.D. Ga. Feb. 1, 2017), the defendant filed an expert report for a previously undisclosed expert four days ***after the close of discovery***. *Id.* In *Romero*, the Eleventh Circuit found the district court had not abused its discretion when it excluded witnesses identified on the ***last day of trial and one month before trial***. 552 F.3d at 1321-22; *see also Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1310 (11th Cir. 2009) (affirming exclusion of second report—issued over a year later—that contained two new theories of causation from plaintiff); *Atwater v. Nat'l Football League Players Ass'n*, No. 1:06-CV-1510-JEC, 2008 WL 11337675, at \*2 (N.D. Ga. May 1, 2008) (days after surviving motion to strike two late-disclosed experts, plaintiffs try for a third but the court excludes him); *Vision Airlines, Inc.*, No. 2:12–CV–00021–WCO, 2013 WL 6908935, at \*3 (untimely disclosure ***the afternoon before discovery expired***); *Gainor v. Douglas County, Georgia*, 59 F. Supp. 2d 1259, 1297 (N.D. Ga. 1998) (Carnes, J.)

(explaining that plaintiff's failure—after multiple requests from opposing counsel—to provide his expert's mandatory report combined with "his attorney's cavalier attitude that only blatant violations of the Federal Rules of Civil Procedure would be punished" led court to exclude expert's testimony).

Defendant was aware that expert witnesses would be necessary and properly and timely disclosed its initial experts with their reports.[5] The only question for the Court's discretion is whether to permit the Rebuttal Reports—filed within the discovery period but on April 23rd instead of March 24th—when two of the Reports are by previously disclosed experts and one pushes back directly on Plaintiff's cited source, and when Plaintiff had not yet made any efforts to depose expert witnesses. Again, Plaintiff cites cases with facts and circumstances quite different from what is before this Court. For example, in *Adams v. Lab'y Corp. of Am.*, No. 1:10-CV-3309-

---

[5] Dr. Nogueira was added separately only after Plaintiff explicitly cited him in Dr. Kumar's expert report and referred to the specific ability of **his hospitals** to conduct this particular procedure back in 2016—facts that Defendant could not have anticipated. Although often parties stagger the disclosure of experts so that a plaintiff discloses its experts, and the defendant has time to review those reports and then disclose a responsive expert. Here, the parties disclosed their experts on the same day, so it makes sense to permit either party an opportunity to respond. Specifically, here, prior statements in the Complaint and elsewhere seemed to allege a completely different timeline for Mr. Byrd's stroke than what Dr. Kumar suggests. It is important for Defendant to have the opportunity to rebut his theories. *See Romero*, 552 F.3d at 1321 (court should weigh the importance of the testimony in determining whether to exclude a witness only because it was not disclosed on time.)

WSD, 2011 WL 13096141 (N.D. Ga. July 19, 2011), the court granted the parties'

request to amend a detailed list of discovery deadlines to specifically include rebuttal

experts. *Id.* at *6-7. Plaintiffs missed the deadline for identification of rebuttal

experts, and then missed a second deadline for the disclosure of rebuttal experts'

reports. Then, more than two weeks after the second deadline and only ***one week***

***before the extended close of discovery***, plaintiffs sought to modify the scheduling

order to identify two rebuttal experts. *Id*. at *7. To the contrary, the parties here had

not made specific arrangements regarding rebuttal experts; no expert depositions had

been requested or set; and there is sufficient time before the close of discovery to

depose all disclosed experts.

      **3.**      **Accepting Defendant's Rebuttal Reports Will Not Harm Plaintiff.**

      Most commonly, the harm associated with untimely expert witness

disclosures is the non-disclosing party's inability to adequately prepare its case by

deposing the witness during the discovery period. *Morrison v. Mann*, 244 F.R.D.

668, 672–73 (N.D. Ga. 2007). In his Motion, Plaintiff claims that he is harmed by

these Rebuttal Reports because (1) discovery would have to be reopened, causing

delay; and (2) Dr. Nogueira's report includes "substantial scientific and medical

literature." Motion [Doc. 42] at 6-7. Neither presents any real harm to Plaintiff.

First, Plaintiff, like Defendant, was unable to provide all of his experts for deposition within the discovery period—Dr. David Altman was not available until June 15, 2021, at the earliest. Second, at the time of Defendant's disclosure of the Rebuttal Reports, Plaintiff had not even asked for a deposition of Defendant's two experts.[6] And third, the Court already has granted an extension of the discovery period, and both parties agree that the limited extension will not delay the trial of this case (to the extent a trial is ever necessary). Thus, there is no need to "reopen" discovery and no prejudicial delay by denying Plaintiff's Motion to Strike.

Additionally, Plaintiff states that it will have to respond to the "substantial medical literature relied on by Dr. Nogueira." Motion [Doc. 42] at 7. Reviewing Dr. Nogueira's report, it cites the 2019 Stroke Guidelines and one article regarding the HERMES Meta-Analysis—an article reporting the results of a pooled summary of data from five well-known clinical trials regarding the very issues on which Drs. Kumar, Jensen, and Morgan have all provided opinions. If either of those sources is

---

[6] When counsel for Defendant gave notice of the forthcoming rebuttal reports and requested dates for Plaintiff's experts' depositions, counsel for Plaintiff said he was busy with trial and would have to follow up in a couple of weeks. Thus, there was little sense of urgency or concern regarding "prejudicial delay" in mid-April.

unknown or unfamiliar to any of Plaintiff's *three* neurologists, it would be an admission of their lack of qualifications as experts in this case.[7]

Plaintiff makes no case for any harm caused by the Rebuttal Reports of Dr. Wright and Ms. Kushner. Defendant agrees that there is no harm.

### Conclusion

The Court should deny Plaintiff's Motion to Strike Defendant's Rebuttal Reports (and Dr. Nogueira as a testifying expert witness). Rule 37(c) states that a party must show a failure to disclose was "substantially justified *or* harmless." Fed. R. Civ. P. 37(c). Defendant has shown both. Defnednat was justified in relying on the language of Local Rule 26.2(C) and making its disclosures sufficiently early to permit depositions and any rebuttal. And, there is no harm to Plaintiff who will still be able to depose Defendant's experts, including Dr. Nogueira, within the discovery period, and the Rebuttal Reports, in the nature of a rebuttals, do not present novel factual or legal theories that could have only been addressed if the disclosure had occurred in March 2021 instead of April. Accordingly, Defendant respectfully asks the Court to permit its expert disclosures to stand.

---

[7] Dr. Nogueira noted that he is a principal investigator for a current clinical trial and provided the trial website. No unpublished results or findings of this clinical trial are addressed in the report. *See* Nogueira Report [Doc. 39-1] at 3.

Respectfully submitted,

KURT R. ERSKINE
   *Acting United States Attorney*

/s/ Trishanda L. Treadwell

Trishanda L. Treadwell
*Assistant United States Attorney*
Georgia Bar No. 356896
trish.treadwell@usdoj.gov
600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
(404) 581-6000   Fax (404) 581-6181

## Certificate of Compliance

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing

motion and brief have been prepared using Times New Roman, 14-point font.

/s/ Trishanda L. Treadwell

TRISHANDA L. TREADWELL
*Assistant United States Attorney*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **LORENZO BYRD**, on behalf of **TOMMY L. BYRD**, an incompetent adult,<br><br>        Plaintiff,<br><br>vs.<br><br>**UNITED STATES OF AMERICA**,<br><br>        Defendant. | **NO. 1:20-CV-03090-LMM** |

### Certificate of Service

I served this document today by filing it using the Court's CM/ECF system,

which automatically notifies the parties and counsel of record.

May 7, 2021.

/s/ Trishanda L. Treadwell

TRISHANDA L. TREADWELL
*Assistant United States Attorney*
