IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **LORENZO BYRD**, on behalf of **TOMMY L. BYRD**, an incompetent adult,<br>    Plaintiff<br>vs.<br>**UNITED STATES OF AMERICA**,<br>    Defendant | NO. 1:20-CV-03090-LMM |

# PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO STRIKE

The Government admits that its disclosures—filed two months after the scheduling order deadline—were untimely. Dkt. No. 55, n.4; Dkt. No. 25 (Sch. Order). Although the Government "failed to consider" the appropriate deadlines, it seeks a free pass because the Government purportedly tried to comply with Local Rule 26.2(C). *Id.* at 7. The Government's rule allows any party to skirt both the Scheduling Order and the Federal Rules of Civil Procedure, so long as there is some time left in discovery.

## ARGUMENT

1. ***The Government's failure is not substantially justified***

A party's failure is not justified when the party knew or should have known that an expert was necessary before the late stages of discovery. *The Lamar Co. v. City of Marietta, Ga.*, 538 F. Supp. 2d

1366, 1379 (N.D. Ga. 2008) (finding that defendants had ample opportunity to designate expert and that defendants "were on notice…from the commencement of this litigation"). The Government already has a neurologist/neurocritical care expert that was timely disclosed. *See* ECF No. 34. Likewise, Defendant has known this case is about neurology and stroke from the very beginning. *See generally* ECF No. 1. So, not only is Dr. Nogueira duplicative, but the Government also has no justification for not disclosing timely.

The Government cannot demonstrate its failure was substantially justified because it failed to "diligent[ly] seek an extension of time." *Adams v. Lab'y Corp. of Am.*, No. 1:10-CV-3309-WSD, 2011 WL 13096141, at *7 (N.D. Ga. July 19, 2011) ("Importantly, they failed…even to express a concern that they believed they may need rebuttal experts"). The Government admits that it failed to recognize it was untimely and failed to seek relief from this Court. ECF No. 55, at n.4.

And in its attempt to distinguish "egregious examples" of untimely disclosures, the Government ignores cases most like the present issue. *E.g.*, *Atwater v. Nat'l Football League Players Ass'n*, No. 1:06-CV-1510-JEC, 2008 WL 11337675, at *2 (N.D. Ga. May 1, 2008) (disclosing with 60 days remaining was untimely under the Rules). The Federal Rules of Civil Procedure and Local Rules of this Court prohibit the Government from obtaining a free pass because it aspired to be compliant. Accepting the Government's Response would excuse an erroneous interpretation of the Rules. And worse, it would allow that party's oversight to trump scheduling orders altogether. If all a party

has to do is claim it intended to comply with a local rule when it violated the Federal Rules and a court's scheduling order, what is the point of having an expert deadline before the close of discovery at all?

2. *Plaintiff will be harmed by excusing the Government's untimely disclosures*

The Parties have had to delay the case already. A delay created by a party's failure to timely disclose her experts "is itself prejudice warranting exclusion of the expert from testifying at trial." *Luxottica Grp., S.P.A. v. Airport Mini Mall, LLC*, No. 1:15-CV-1422-AT, 2017 WL 1806384, at *3 (N.D. Ga. Feb. 1, 2017). And again, Plaintiff is not obligated to demonstrate prejudice to have Dr. Nogueira excluded as an expert witness. *E.g.*, *Durkin v. Platz*, 920 F. Supp. 2d 1316, 1327-28 (N.D. Ga. 2013) (explaining that the standard for striking untimely expert testimony is not whether the opposing party is prejudiced, but whether the proffering party's failure to comply was justified); *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1193-95 (N.D. Ga. 2005) (excluding testimony of expert witness because, inter alia, plaintiff's failure to identify expert witness in compliance with Local Rule 26.2(C) was not justified and finding plaintiff's "material prejudice" argument without merit based on plain language of Local Rule 26.2(C)).

Permitting the untimely reports to stand precludes effective discovery before and after the depositions of these untimely experts. First, the Parties built in the time necessary to perform research, discovery, and workup before deposing timely disclosed experts. *Reese v. Herbert*, 527 F.3d 1253, 1264 (11th Cir. 2008) (holding that Rule 26's

expert disclosure rule "is intended to provide opposing parties reasonable opportunity to prepare for effective cross examination").

Second, the Government's improper disclosure also effects the ability to take discovery after the depositions, harming Plaintiff. *Id.* at 1264 (holding that Rule 26's expert disclosure rule "is intended to…arrange for expert testimony from other witnesses" after a timely disclosed expert is deposed). Depending on the witness' testimony, Plaintiff may need to subpoena or request a deposition of factual witnesses in response. The only real remedy for this would be another extension of the discovery deadline—which Plaintiff opposes as it further delays his opportunity for a timely trial.

That aside, the Government instead claims its error was harmless because at the time it finally disclosed its rebuttal reports, Plaintiff had not scheduled expert depositions. Examining Plaintiff's litigation strategy does not help the Government here. It actually hurts them. The reason Plaintiff did not depose the Government's experts up until its untimely disclosures was because Plaintiff determined it did not need to do so. Up to the time the Government dropped its untimely disclosures, its experts *did not rebut Plaintiff's experts whatsoever*, removing the need to depose them (emphasis added). It is the Government's untimely rebuttal designations that prompted the need to depose them. There is no clearer example of harm than this exact situation. And parties are also already having trouble scheduling Dr.

Nogueira's deposition. His only availability is a four-hour window for a single day in June.[1]

Finally, throughout its reply, the Government claims that Dr. Nogueira is very important to its case. The supposed importance of this witness is more reason that delay causes prejudice to Plaintiff, and yet another reason that the Government should have timely disclosed this witness in February. *E.g.*, *Reese*, 527 F.3d at 1253 (despite importance of expert needed to maintain excessive force lawsuit, district court properly struck untimely expert disclosure, resulting in summary judgment against plaintiff).

    Respectfully Submitted,

/s/ Tom Jacob
**TOM JACOB**, *pro hac vice*
   tjacob@nationaltriallaw.com
   Texas State Bar #24069981
**STEVEN HASPEL**, *pro hac vice*
   shaspel@nationaltriallaw.com
   Texas State Bar #24109981
**WHITEHURST, HARKNESS,**
   **BREES, CHENG, ALSAFFAR,**
   **HIGGINBOTHAM, & JACOB P.L.L.C.**
7500 Rialto Blvd, Bldg. Two, Ste 250
Austin, TX 78735
(512) 476-4346 (o)
(512) 467-4400 (f)

**NELSON O. TYRONE, III**
   nelson@tyronelaw.com
   Georgia State Bar #721189
**TYRONE LAW FIRM**
   1201 Peachtree Street N.E.
   Atlanta GA, 30361

---

[1] He offered a second day, but counsel for the United States has a conflict.

(404) 377-0017 (o)
(404) 249-6764 (f)

Attorneys for the Plaintiff

## CERTIFICATE OF SERVICE

By my signature below, I certify that this pleading was prepared using Century Schoolbook at 13 point size. Further, I certify that a copy of this pleading, Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Strike, has been sent to the following on May 21, 2021 via the Court's CM/ECF notice system.

> **BYUNG J. PAK**
>   UNITED STATES ATTORNEY
> **TRISHANDA L. TREADWELL**
>   ASSISTANT U.S. ATTORNEY
>   Georgia Bar No. 356896
>   trish.treadwell@usdoj.gov
>   600 Richard B. Russell Federal Bldg.
>   75 Ted Turner Drive, S.W.
>   Atlanta, Georgia 30303
>   (404) 581-6000
>   (404) 581-6150 facsimile
>
>
> /s/ Tom Jacob
> Tom Jacob
> WHITEHURST, HARKNESS, BREES, CHENG, ALSAFFAR, HIGGINBOTHAM, & JACOB
>   P.L.L.C.